IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD SAMUEL, JR.,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal No. ELH-16-0117
Related Civil No.: ELH-21-1565

**MEMORANDUM**

This Memorandum resolves the post-conviction petition filed by Edward Samuel, Jr., the self-represented petitioner, under 28 U.S.C. § 2255. ECF 46 (the "Petition"). The government opposes the Petition. A reply has not been filed.

No hearing is necessary to resolve the Petition. *See* 28 U.S.C. § 2255(b). For the reasons that follow, I shall deny the Petition.

**I.**

On March 24, 2016, a grand jury in the District of Maryland returned an Indictment charging Samuel with narcotics and weapons offenses. ECF 1. On January 9, 2017, Samuel entered pleas of guilty to Counts One and Four of the Indictment (ECF 33), pursuant to a Plea Agreement. ECF 34. Count One charged possession with intent to distribute 100 grams or more of a substance containing heroin as well as a substance containing cocaine, in violation of 21 U.S.C. § 841. Count Four charged possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Count Four required a sentence of five years' imprisonment, consecutive to any term imposed as to Count One.

The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C). ECF 34, ¶¶ 6, 9, 10. Under the "C plea," the parties agreed to a total sentence of incarceration ranging from 156 months to 192

months. *Id.* ¶ 9.

Sentencing was held on March 16, 2017. ECF 41. The Court determined that defendant had an offense level of 31 and a criminal history category of VI. ECF 44 at 1. His Guidelines called for a sentence ranging from 262 to 327 months imprisonment. *Id.* But, the Court imposed a total sentence of 156 months' imprisonment, which corresponded to the bottom of the C plea range. Judgment was entered on the same date. ECF 43. Samuel waived his right to appeal in the Plea Agreement (ECF 34, ¶ 11) and no appeal was filed.

Samuel filed his Petition on April 20, 2020, more than three years after his conviction became final. ECF 46. The Court ordered the government to respond to the Petition. ECF 47. As the government contends, ECF 67 at 2, Samuel's Petition must be denied as untimely.

## II.

The period for filing a petition for relief pursuant to 28 U.S.C. § 2255 is set forth at § 2255(f). In relevant part, it provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final . . . .

As indicated, sentencing was held on March 16, 2017, and judgment was entered that day. ECF 43. Under Fed. R. App. P. 4(b)(1)(A), a notice of appeal must be filed within fourteen days of entry of Judgment. Samuel did not note an appeal. Therefore, his conviction became final on the expiration of the time for filing an appeal. *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001). In other words, the conviction became final on March 30, 2017.

However, the Petition was not filed until April 20, 2020, which is well beyond the deadline. Under limited circumstances, though, the one-year limitations period for filing a petition may be subject to equitable tolling. *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005);

2

*Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). To invoke equitable tolling, a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (citation omitted); *see also Menominee Indian Tribe of Wis. v. United States*, 377 U.S. 250, 256 (2016).

Notably, equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). No basis for equitable tolling has been set forth by Samuel.

**III.**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). In other words, unless a COA is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[1] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773 (2017). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the

---

[1] The denial of a COA by the district court does not preclude Petitioner from seeking a COA from the appellate court.

constitutional claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

Petitioner has not made a substantial showing of the denial of his constitutional rights. Therefore, I decline to issue a COA.

An Order follows.

Date: June 25, 2021  /s/
Ellen L. Hollander
United States District Judge